IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:18-cv-1749-S |
| THE LANE GROUP, LLC and SUSAN | § | |
| R. JOHNS, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") has filed a Motion to Interplead

or, in the Alternative, Deliver Funds to Defendant Susan Johns, *see* Dkt. No. 14, which

United States District Judge Karen Gren Scholer has referred to the undersigned

United States Magistrate Judge, *see* Dkt. No.15.

The undersigned magistrate judge issues the following findings of fact,

conclusions of law, and recommendation.

## Background

This interpleader action involves a dispute over allegedly fraudulent wire

transfers to Susan R. Johns' personal checking account at Wells Fargo. *See* Dkt. No. 1.[1]

---

[1] Because the record shows that both Defendants were served, *see* Dkt. Nos. 5 & 6, neither answered, and the Clerk of the Court has made entry of default as to each of them, *see* Dkt. Nos. 12 & 13, the Court will take the allegations in Wells Fargo's complaint as true.

Johns opened a personal checking account at Wells Fargo on July 19, 2017 (the "Johns Account"). The Lane Group, LLC wired $40,300.00 to the Johns Account on April 30, 2018 (the "April 30 Wire"), and $20,000.00 to the Johns Account on May 1, 2018 (the "May 1 Wire") (collectively, the "Two Wires").

The Lane Group, by and through BMO Harris Bank, N.A., subsequently notified Wells Fargo that the May 1 Wire was fraudulent and requested that the wire be recalled and funds returned. Upon information and belief, Wells Fargo alleges The Lane Group, by and through BMO Harris Bank, N.A., believes the April 30 Wire was also fraudulent.

The Johns Account has a current balance of $20,218.92, which Wells Fargo has restrained (the "Restrained Proceeds").

Johns has ignored Wells Fargo's requests for instructions prior to filing this suit and has not authorized Wells Fargo to debit the Restrained Proceeds from the Johns Account and return the Restrained Proceeds to The Lane Group.

Wells Fargo contends that there are multiple claims to the Restrained Proceeds.

Wells Fargo moves to deposit the Restrained Proceeds in the court registry or, alternatively, to deliver the Restrained Proceeds to Susan Johns; to be discharged from all liability to any of the parties to this action concerning its obligations related to the Restrained Proceeds, the Two Wires, The Lane Group Account and the Susan Johns Account; that Johns and The Lane Group be enjoined and prohibited from instituting any actions against Wells Fargo and its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the Two Wires, The Lane Group Account, and the

Susan Johns Account; to be authorized to withhold the sum of $5,290.50 in attorney's fees and costs from the interpleaded Restrained Proceeds; and to be discharged as a party to this action.

The Court now determines that the motion should be granted.

## Legal Standards

"Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 411, 414 (N.D. Tex. 2005) (citing 28 U.S.C. § 1335(a) (2005)).

> Generally stated, the purpose of an interpleader action is to protect a stakeholder from liability when faced with the threat of multiple inconsistent claims to a single fund. It does this by allowing the stakeholder to tender the contested funds to the court in lieu of defending against multiple possible lawsuits. An interpleader action allows the stakeholder to pay the money in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds.

*Ekholm v. T.D. Ameritrade, Inc.*, No. 3:13-cv-142-D, 2013 WL 4223128, at *2 (N.D. Tex. Aug. 14, 2013) (citations omitted).

The court "has broad powers in an interpleader action." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). Interpleader actions are decided through two stages. *Id.* First, the court determines whether the requirements for an interpleader action have been met by deciding if there is a single fund at issue and whether there are adverse claimants to that fund. *Id.* Second, if the court determines that the requirements for

interpleader are met, the court determines the rights of the claimants. *Id*.

## Analysis

Wells Fargo asserts that it meets the requirements for interpleader under Section 1335 and seeks to conclude the first stage of litigation. According to Wells Fargo's undisputed allegations, there is a single fund with an amount in controversy over $500 (the $20,218.92 Restrained Proceeds). There are adverse claimants who may claim to be entitled to those proceeds (The Lane Group and Johns). *See Fresh Am. Corp.*, ("to sustain an interpleader, [the stakeholder] is required only to prove the existence of 'adverse claimants who *could* [attempt] to claim the fund") (quoting *Rhoades*, 196 F.3d at 601)). And those claimants are of diverse citizenship. The Lane Group is a resident and citizen of Wisconsin and Johns is a resident and citizen of Texas. *See* Dkt. No. 1 at 2; 28 U.S.C. § 1335(a).

Because the statutory requirements have been met, the Court should grant Wells Fargo's request to deposit the Restrained Proceeds with the clerk of the court, to be deposited with the clerk's usual procedures. And upon tendering the Restrained Proceeds, Wells Fargo should be dismissed as a party and discharged of further liability concerning the Restrained Proceeds. The Lane Group and Johns should also be enjoined from filing any proceedings against Wells Fargo relating to the interpleader fund without authorization from the Court.

The Court should also permit Wells Fargo to deduct its reasonable costs and attorney's fees from the Restrained Proceeds prior to depositing the funds into the court registry.

It is well settled that the court has discretion to award costs, including reasonable attorney's fees, to a disinterested stakeholder in an interpleader action whenever it is fair and equitable to do so. *See Rhoades*, 196 F.3d at 603; *Fresh Am. Corp.*, 393 F.Supp.2d at 417; *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 206-07 (E.D. Tex. 1999). In determining whether an award of attorney's fees is appropriate, the court should examine "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (per curiam) (citation omitted); see also *Fresh Am. Corp.*, 393 F.Supp.2d at 417.

Wells Fargo's request for attorney's fees is supported by the Declaration of Tressie E. McKeon. *See* Dkt. No. 14-1 at 4-7. Ms. McKeon, counsel for Wells Fargo, stated that the attorneys engaged in the necessary work for an interpleader action including reviewing all relevant bank documents, analyzing legal authority, drafting and filing the original interpleader complaint, defaulting The Lane Group and Johns, drafting and filing the motion to interplead, and attempting to communicate with The Lane Group and Johns.

The undersigned finds that Wells Fargo is a disinterested stakeholder with no claims to the Restrained Proceeds or interest in the outcome of the dispute between Johns and The Lane Group; this is a simple case; Wells Fargo's counsel did not perform any unique services for the claimants or the Court; and Wells Fargo's counsel acted in

good faith with diligence, performed services that benefitted Wells Fargo, and did not improperly protract the proceedings. The undersigned also finds that the amount of $5,290.50, which represents 14.9 hours of attorney work, is reasonable. Wells Fargo should be allowed to deduct $5,290.50 from the Restrained Proceeds before depositing those proceeds with the clerk of the court.

Accordingly, the undersigned concludes that Wells Fargo should be allowed to deposit $14,928.42 ($20,218.92 - $5,290.50) into the registry of the court.

## Recommendation

Plaintiff's Motion to Interplead or, in the Alternative, Deliver Funds to Defendant Susan Johns [Dkt. No. 14] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996).

     DATED: February 13, 2019

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE